# <u>**EXHIBIT C**</u>

Modified Civil Investigative Demand Issued to Global Disinformation Index by the US Federal Trade Commission



UNITED STATES OF AMERICA
### Federal Trade Commission
WASHINGTON, D.C. 20580

July 18, 2025

**VIA EMAIL**

The Global Disinformation Index
c/o Josh Levy, Esq.
Levy Firestone Muse LLP
900 17th St NW #605
Washington, DC 20006
jal@levyfirestone.com

Re:     **FTC File No. 251-0061**

Dear Mr. Levy:

Pursuant to FTC Rule 2.7(*l*), this letter modifies the May 20, 2025 Civil Investigative Demand ("CID") issued by the Commission to The Global Disinformation Index ("GDI") to provide the following clarification:

### ***SUBJECT OF THE INVESTIGATION***

*To determine whether any natural persons, partnerships, corporations, associations, or other legal entities have engaged in or are engaging in unfair, anticompetitive, collusive, or exclusionary acts or practices -- including inviting, participating in, or facilitating boycotts or other collusion or coordination -- to withhold, degrade, increase the cost of, or otherwise diminish the quantity of advertising placed on news outlets, media platforms, or other publishers in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, or Section 5 of the FTC Act, 15 U.S.C. § 45, as amended, or any other statutes or rules enforced by the Commission, and to determine the appropriate action or remedy. See also the attached resolution.*

A copy of the as modified CID is attached hereto.

If you have any questions concerning the CID or this letter, please contact Justin Epner at (202) 326-2942 or jepner@ftc.gov.

*/s/ Geoffrey Green*
Geoffrey Green
Assistant Director
Anticompetitive Practices I Division
Bureau of Competition

Josh Levy, Esq.
Page 2

cc:
Justin Epner
Ted Zang
Attorneys, Bureau of Competition

Attachment

Attachment

Civil Investigative Demand to The Global Disinformation Index

## CIVIL INVESTIGATIVE DEMAND
## ISSUED TO THE GLOBAL DISINFORMATION INDEX
## FTC FILE NO. 251-0061

Unless modified by agreement with the staff of the Federal Trade Commission (the "Commission" or the "FTC"), each Specification of this Civil Investigative Demand ("CID") requires a complete search of The Global Disinformation Index (hereinafter, "GDI") as defined in the Definitions, which appear after the following Specifications. Pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.7(k), GDI representatives must confer with the Commission representative identified in the final instruction of this CID within fourteen days after receipt of this CID. If GDI believes that the required search or any other part of this CID can be narrowed in any way that is consistent with the Commission's need for information, you are encouraged to discuss such questions and possible modifications with the Commission representative. All modifications to this CID must be agreed to in writing pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.7(l).

## *SUBJECT OF THE INVESTIGATION*

*To determine whether any natural persons, partnerships, corporations, associations, or other legal entities have engaged in or are engaging in unfair, anticompetitive, collusive, or exclusionary acts or practices -- including inviting, participating in, or facilitating boycotts or other collusion or coordination -- to withhold, degrade, increase the cost of, or otherwise diminish the quantity of advertising placed on news outlets, media platforms, or other publishers in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, or Section 5 of the FTC Act, 15 U.S.C. § 45, as amended, or any other statutes or rules enforced by the Commission, and to determine the appropriate action or remedy. See also the attached resolution. (As modified by letter dated July 18, 2025.)*

## SPECIFICATIONS

1.  State where GDI is incorporated or registered and provide a copy of GDI's articles of incorporation.

2.  State whether GDI is organized as a for-profit or not-for-profit entity.

3.  State the location and full physical address of each of GDI's offices in the United States and abroad.

4.  Provide GDI's organizational charts from 2018 through the present or other documents sufficient to show all GDI personnel over the same time period with responsibility for the following: ratings of any media, or any other product, program, project, work, or special report relating to data, analysis, or journalism that helps companies or consumers identify reliable information or disinformation or distinguish between sources of information online; GDI's Dynamic Exclusion List ("DEL"); media buying audits; publisher vetting; media market reviews; GDI's open source intelligence hub; and policy and advocacy.

**Civil Investigative Demand to The Global Disinformation Index**

5.    Describe each product and service that GDI currently offers or has offered from 2018 through the present.

6.    Provide all documents relating to ratings of any media, or any other product, program, project, work, or special report relating to data, analysis, or journalism that helps companies or consumers identify reliable information or disinformation or distinguish between sources of information online.

7.    Provide all communications between GDI and any other party regarding any request for GDI to label any content as disinformation, false, misleading, or deceptive.

8.    Provide all documents relating to any complaints that GDI received related to its activities, programs, or policies, including but not limited to its decisions on whether to label any content as disinformation, false, misleading, or deceptive.

9.    Provide all communications between GDI and any advertiser, advertising agency, or any person acting as an agent of an advertiser, including but not limited to demand side platforms and supply side platforms, related to brand safety and/or any of the GDI products and services identified in Specification 5.

10.    Provide all documents relating to other entities that purport to track, categorize, evaluate, or rate news sources, outlets, websites, content, or other entities for "misinformation," "hate speech," "false" or "deceptive" content, or similar categories, including but not limited to communications between GDI, or any of GDI's clients, and any person connected to those entities, including but not limited to:

a)    NewsGuard Technologies, Inc.;

b)    The World Federation of Advertisers ("WFA");

c)    The Global Alliance for Responsible Media ("GARM");

d)    The Interactive Advertising Bureau ("IAB");

e)    Ad Fontes Media, Inc.;

f)    The Check My Ads Institute;

g)    Integral Ad Science ("IAS");

h)    DoubleVerify;

i)    Barometer;

j)    Media Matters for America;

k)    The Center for Countering Digital Hate;

l)    Nelez; or

**Civil Investigative Demand to The Global Disinformation Index**

    m) The Media Roundtable.

11.    Submit one or more Data Sets sufficient to show for each news source, news outlet, news website, or other news content publisher rated, evaluated, assigned a label, or otherwise scored by GDI:

    a) The name of the entity;

    b) The address of any website(s) associated with the entity.

    c) Any unique identifier(s) used to identify the entity across GDI's databases or data sets; and

    d) Any categorization of entity, including but not limited to whether the entity is associated with news, satirical, or platform content.

12.    For each entity identified in Specification 11, submit one or more Data Sets sufficient to show, from 2018 through the present:

    a) Any reliability, credibility, safety, unreliability, unreliable, disinformation, or other similar rating (or label, or categorization) assigned by GDI to that entity, including any scoring changes and when those changes occurred;

    b) The scoring of the component criteria used to calculate the ratings identified in response to sub-specification (a), including any scoring changes and when those changes occurred; and

13.    Provide any list produced, licensed, sold, or otherwise provided by You to any third party that evaluates or categorizes any news source, news outlet, news website, or other news content publisher entities by credibility or any other categorical metric maintained by GDI.

14.    Provide documents and data sufficient to show the methodology by which GDI evaluates or categorizes any news sources, news outlets, news websites, or other news content publisher entities, including but not limited to the process GDI uses to select the sample of articles on which to rate the entity or content.

15.    Provide documents and data sufficient to show the methodology which GDI determines whether content qualifies as "misinformation," "misleading," "deceptive," a "hoax," "hate speech," or any other similar descriptor relevant to its rating, label, or categorization business.

16.    Provide all documents reflecting allegations that GDI's reliability, credibility, safety, or other similar ratings are or may be politically biased.

17.    Provide all documents reflecting allegations that GDI's reliability, credibility, safety, or other similar ratings (or the criteria upon which they are based) are or may be unreliable, subjective, unscientific, or otherwise methodologically unsound.

**Civil Investigative Demand to The Global Disinformation Index**

18. Provide all documents relating to all analyses, evaluations, and assessments performed by or provided to GDI of the effect of any rating, label, or categorization maintained by GDI, on the profits, revenues, unique visitors, subscribers, or any other business metric of any news source, news outlet, news website, or other news content publisher rated, evaluated, assigned a label, or otherwise scored by GDI, and all data sets and code that would be necessary to replicate the analysis.

19. Provide all documents relating to any benefits to advertisers, brands, or advertising agencies that result from using any product or service identified in Specification 5.

20. Provide all documents relating to the purpose of any rating, label, or categorization maintained by GDI, including but not limited to promotional and advertising materials created or disseminated by GDI.

21. Provide all documents relating to GDI's use of AI technology to provide any of its services.

22. Provide all documents relating to GDI working with ad tech, technology, or developer companies to develop and advance GDI's programs, policies, and objectives, including but not limited to any agreements between GDI and these companies.

23. Provide all analyses or studies GDI conducted, sponsored, or commissioned relating to advertising on social media or digital advertising platforms, and all data sets and code that would be necessary to replicate the analysis.

24. Submit one or more Data Sets sufficient to show, for each customer of GDI:

    a) The name of the customer;

    b) Any unique identifier(s) used to identify the customer across GDI's databases or data sets; and

    c) Any categorization of the customer type, including but not limited to whether the customer is educational, not-for-profit, governmental, and/or a business.

25. Provide each financial statement, budget, profit and loss statement, cost center report, profitability report, and any other financial report regularly prepared by or for GDI on any periodic basis. For each such statement, budget, or report, state how often it is prepared, and identify the employees responsible for its preparation; provide all such statements and reports on both a quarterly basis and a yearly basis.

26. Submit one or more Data Sets sufficient to show, for each year from 2018 through present:

    a) In total and by each product or service offered by GDI:

        i) Revenues;

**Civil Investigative Demand to The Global Disinformation Index**

    ii)   Revenue deductions or adjustments, including but not limited to discounts;

    iii)  Costs of goods sold;

    iv)  Operating expenses;

    v)   Gross margin, including specifying the formula for calculating gross margin;

    vi)  Net margin, including specifying the formula for calculating net margin;

    vii)  EBITDA;

    viii) EBITDA margin;

    ix)  Total number of licenses; and

    x)   Total number of customers, including by customer type.

b)  By customers for each customer of GDI identified in Specification 24, in total and by each product or service offered by GDI:

    i)   Gross payments received from the customer;

    ii)  Payment deductions or adjustments, including but not limited to discounts;

    iii)  Cost of goods sold; and

    iv)  Total number of licenses.

27.    For each Data Set provided in response to any Specification in this Civil Investigative Demand, provide a data dictionary that includes:

a)  A list of field names and a definition for each field contained in the Data Set;

b)  The meaning of each code that appears as a field value in the Data Set; and

c)  The primary key in the Data Set or table that defines a unique observation.

28.    Identify and describe the steps GDI took to preserve documents related to this CID. Provide documents sufficient to show all GDI document retention policies in effect during any portion of the relevant period.

29.    Identify the person(s) responsible for preparing the responses to this CID and provide a copy of all instructions prepared by GDI relating to the steps taken to respond. Where oral instructions were given, identify the person who gave the instructions and describe the content of the instructions and the person(s) to whom the instructions were given. For each Specification, identify the individual(s) who assisted in the preparation of the response, with a listing of the persons (identified by name and title or job description) whose files were searched by each. For each Specification requiring a narrative response

**Civil Investigative Demand to The Global Disinformation Index**

or data, identify all individuals who provided any information considered or used in drafting the response.

Civil Investigative Demand to The Global Disinformation Index

## DEFINITIONS

For purposes of this CID, the following Definitions apply:

1.   "You," "Your," "The Global Disinformation Index," "GDI," and the "Company," mean The Global Disinformation Index, Disinformation Index, Ltd., and Disinformation Index Inc., together with their successors, predecessors, divisions, wholly- or partially-owned subsidiaries, committees, working groups, alliances, affiliates, and partnerships, whether domestic or foreign; and all the directors, officers, employees, consultants, agents, and representatives of the foregoing. Identify by name, address, and phone number, each agent or consultant.

1.   "Agreement" means any oral or written contract, arrangement, or understanding, whether formal or informal, between two or more Persons, together with all modifications or amendments thereto.

2.   "Communication" means any exchange, transfer, or dissemination of information, regardless of the means by which it is accomplished.

3.   "Document" and "documents" mean any information, on paper or in electronic format, including written, recorded, and graphic materials of every kind, in the possession, custody, or control of GDI. The term "documents" includes, without limitation: computer files; email messages; text messages; instant messages and chat logs; other Messaging Applications; group chats; voicemails and other audio files; calendar entries; schedulers; drafts of documents; metadata and other bibliographic or historical data describing or relating to documents created, revised, or distributed electronically; copies of documents that are not identical duplicates of the originals in that Person's files; notes of meetings or telephone calls; and copies of documents the originals of which are not in the possession, custody, or control of GDI.

   a)   The term "computer files" includes information stored in, or accessible through, computers or other information retrieval systems. Thus, GDI should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off GDI premises. If GDI believes that the required search of backup disks and tapes and archive disks and tapes can be narrowed in any way that is consistent with the Commission's need for documents and information, you are encouraged to discuss a possible modification to this Definition with the Commission representative identified on the last page of this Request. The Commission representative will consider modifying this Definition to:

      i)   exclude the search and production of files from backup disks and tapes and archive disks and tapes unless it appears that files are missing from those that exist in personal computers, portable computers, workstations, minicomputers, mainframes, and servers searched by GDI;

7

**Civil Investigative Demand to The Global Disinformation Index**

      ii)   limit the portion of backup disks and tapes and archive disks and tapes that needs to be searched and produced to certain key individuals, certain time periods, or certain Specifications identified by the Commission representative; or

      iii)  include other proposals consistent with Commission policy and the facts of the case.

4.      "Each," "any," and "all" mean "each and every." The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this CID anything that might otherwise be outside its scope. The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

5.      "Identify" or "specify," when used in reference to a natural person, means to state the person's (1) full name; (2) present or last-known residence and telephone number and present or last-known business address and telephone number; and (3) present or last-known employer and job title. For any person identified, if any of the above information was different during the time period relevant to the CID, supply both the current information and such different information as applies to the time period relevant to the CID. Once a natural person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

"Identify" or "specify," when used in reference to a corporation or other non-natural person, means (1) to state that entity's name; (2) to describe its nature (e.g., corporation, partnership, etc.); (3) to state the location of its principal place of business; and (4) to identify the natural person or persons employed by such entity whose actions on behalf of the entity are responsive to the CID. Once such an entity has been identified properly, it shall be sufficient thereafter when identifying that same entity to state the name only.

"Identify" or "specify," when used in reference to facts, acts, events, occurrences, meetings, or communications, means to describe, with particularity, the fact, act, event, occurrence, meeting, or communication in question, including but not limited to (1) identifying the participants and witnesses of the fact, act, event, occurrence, meeting, or communication; (2) stating the date or dates on which the fact, act, event, occurrence, meeting, or communication took place; (3) stating the location(s) at which the fact, act, event, occurrence, meeting, or communication took place; and (4) providing a description of the substance of the fact, act, event, occurrence, meeting, or communication.

6.      "Include" and "including" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

7.      "Person" or "persons" includes GDI and means any natural person, corporate entity, sole proprietorship, partnership, association, governmental or non-governmental entity, or trust.

**Civil Investigative Demand to The Global Disinformation Index**

8.    "Relate," "related to," and "relating to" mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

9.    The term "Messaging Application" refers to any electronic method that has ever been used by GDI and its employees to communicate with each other or entities outside GDI for any business purposes. "Messaging Application" includes platforms, whether for ephemeral or non-ephemeral messaging, for email, chats, instant messages, text messages, and other methods of group and individual communication (e.g., Microsoft Teams, Slack, GroupMe, WhatsApp, Signal, Skype). "Messaging Application" may overlap with "Collaborative Work Environment."

## <u>INSTRUCTIONS</u>

For the purposes of this CID, the following Instructions apply:

I 1.    All references to year refer to calendar year.  Unless otherwise specified, each of the Specifications calls for: (1) documents for each of the years from January 1, 2018 to the present; and (2) information for each of the years from January 1, 2018 to the present. Where information, rather than documents, is requested, provide it separately for each year; where yearly data is not yet available, provide data for the calendar year to date. If calendar year information is not available, supply GDI's fiscal year data indicating the 12-month period covered, and provide the GDI's best estimate of calendar year data.

I 2.    Do not produce any Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI") prior to discussing the information with a Commission representative. If any document responsive to a particular Specification contains unresponsive Sensitive PII or SHI, redact the unresponsive Sensitive PII or SHI prior to producing the document. The term "Sensitive Personally Identifiable Information" means an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following:

- Date of birth

- Driver's license number or other state identification number, or a foreign country equivalent

- Passport number

- Financial account number

- Credit or debit care number

The term "Sensitive Health Information" includes medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. Sensitive Health Information relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

**Civil Investigative Demand to The Global Disinformation Index**

I 3.    Except for privileged material, GDI will produce each responsive document in its entirety by including all attachments and all pages, regardless of whether they directly relate to the specified subject matter. GDI should submit any appendix, table, or other attachment by either attaching it to the responsive document or clearly marking it to indicate the responsive document to which it corresponds. Attachments must be produced along with the document to which they are attached, regardless of whether they have been produced separately. Except for privileged material, GDI will not redact, mask, cut, expunge, edit, or delete any responsive document or portion thereof in any manner.

I 4.    Compliance with this CID requires a search of all documents in the possession, custody, or control of GDI, including, without limitation, those documents held by any of GDI's officers, directors, employees, agents, representatives, or legal counsel, whether or not such documents are on the premises of GDI. If any person is unwilling to have his or her files searched, or is unwilling to produce responsive documents, GDI must provide the Commission with the following information as to each such person: his or her name, address, telephone number, and relationship to GDI.

I 5.    Form of Production: GDI shall submit documents as instructed below absent written consent from the Commission representative.

   a)    Documents stored in electronic or hard copy formats in the ordinary course of business shall be submitted in the following electronic format provided that such copies are true, correct, and complete copies of the original documents:

      i)    Submit Microsoft Excel, Access, and PowerPoint files in native format with extracted text and metadata.

      ii)    Submit emails in TIFF (Group IV) format with extracted text and the following metadata and information:

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the email. |
| Bates End | Bates number of the last page of the email. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |

Civil Investigative Demand to The Global Disinformation Index

| Metadata/Document Information | Description |
|---|---|
| Custodian | Name of the person from whom the email was obtained. |
| Email BCC | Names of person(s) blind copied on the email. |
| Email CC | Names of person(s) copied on the email. |
| Email Date Received | Date the email was received. [MM/DD/YYYY] |
| Email Date Sent | Date the email was sent. [MM/DD/YYYY] |
| Email From | Names of the person who authored the email. |
| Email Message ID | Microsoft Outlook Message ID or similar value in other message systems. |
| Email Subject | Subject line of the email. |
| Email Time Received | Time email was received. [HH:MM:SS AM/PM] |
| Email To | Recipients(s) of the email. |
| Email Time Sent | Time email was sent. [HH:MM:SS AM/PM] |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Folder | File path/folder location of email. |
| Filename with extension | Name of the original native file with file extension. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Redaction | Indicates Yes or No status regarding |

11

Civil Investigative Demand to The Global Disinformation Index

| Metadata/Document Information | Description |
|---|---|
| | document redactions. |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC0003090.txt |

iii) Submit email attachments other than those described in subpart (a)(i) in TIFF (Group IV) format. For all email attachments, provide extracted text and the following metadata and information as applicable:

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the document. |
| Bates End | Last Bates number of the document. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of person from whom the file was obtained. |
| Date Created | Date the file was created. [MM/DD/YYY] |
| Date Modified | Date the file was last changed and saved. [MM/DD/YYYY] |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |

Civil Investigative Demand to The Global Disinformation Index

| Metadata/Document Information | Description |
|---|---|
| Filename with extension | Name of the original native file with file extension. |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Author | Author field value extracted from the metadata of a native file. |
| Last Author | Last Saved By field value extracted from metadata of a native file. |
| Redaction | Indicates Yes or No status regarding document redactions. |
| Native Link | Relative file path to submitted native or near native files. Example: \NATIVES\001\FTC0003090.xls |
| Parent ID | Document ID or beginning Bates number of the parent email. |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC0003090.txt |
| Time Created | Time file was created. [HH:MM:SS AM/PM] |
| Time Modified | Time file was saved. [HH:MM:SS AM/PM] |

iv) Submit all other electronic documents, other than those described in subpart (a)(i), in TIFF (Group IV) format accompanied by extracted text and the following metadata and information:

13

Civil Investigative Demand to The Global Disinformation Index

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the document |
| Bates End | Last Bates number of the document. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of the original custodian of the file. |
| Date Created | Date the file was created. [MM/DD/YYY] |
| Date Modified | Date the file was last changed and saved. [MM/DD/YYYY HH:MM:SS AM/PM] |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Author | Author field value extracted from the metadata of a native file. |
| Last Author | Last Saved By field value extracted from metadata of a native file. |
| Redaction | Indicates Yes or No status regarding document redactions. |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |
| Filename with extension | Name of the original native file with file extension. |

Civil Investigative Demand to The Global Disinformation Index

| Metadata/Document Information | Description |
|---|---|
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Originating Path | File path of the file as it resided in its original environment. |
| Production Link | Relative path to submitted native or near native files. Example: \NATIVES\001\FTC0003090.xls |
| Native Link | Relative path to submitted native or near native files.<br><br>Example: \NATIVES\001\FTC0003090.xls |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC-0003090.txt |
| Time Created | Time file was created. [HH:MM:SS AM/PM] |
| Time Modified | Time file was saved. [HH:MM:SS AM/PM] |

v)  Submit documents stored in hard copy in TIFF (Group IV) format accomplished by OCR with the following information:

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Bates Begin | Beginning Bates number of the document. |
| Bates End | Bates number of the last page of the document. |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Page count | Number of pages in record. |

15

Civil Investigative Demand to The Global Disinformation Index

| Redaction | Indicates Yes or No status regarding document redactions. |
|---|---|
| Custodian | Name of person from whom the file was obtained. |

    vi)   Submit redacted documents in TIFF (Group IV) format accompanied by OCR with the metadata and information required by relevant document type in subparts (a)(i) through (a)(v) above. For example, if the redacted file was originally an attachment to an email, provide the metadata and information specified in subpart (a)(iii) above. Additionally, please provide a basis for each privilege claim as detailed in Instruction 9.

b)   Submit data compilations in electronic format, specifically Microsoft Excel spreadsheets or delimited text formats, with all underlying data un-redacted and all underlying formulas and algorithms intact. Submit data separately from document productions.

c)   Produce electronic file and ESI processed submissions as follows:

    i)   For productions over 20 gigabytes, use an External Hard Disc Drive (stand-alone portable or hard drive enclosure) or USB Flash Drive in Microsoft Windows-compatible, uncompressed data format.

    ii)   For productions under 20 gigabytes, submissions may be transmitted electronically via FTP. The FTC uses Kiteworks Secure File Transfer. To request a Kiteworks upload invitation, contact the FTC representative identified in the request you received. Use of other File Transfer methods is permitted. Please discuss this option with the FTC representative identified in the CID to determine the viability.

    iii)   CD-ROM (CD-R, CD-RW) optical disks and DVD-ROM (DVD+R, DVD+RW) optical disks for Windows-compatible personal computers, and USB 2.0 Flash Drives are acceptable storage formats.

    iv)   All documents produced in electronic format shall be scanned for and free of viruses prior to submission. The Commission will return any infected media for replacement, which may affect the timing of GDI's compliance with this CID.

    v)   Encryption of productions using NIST FIPS-Compliant cryptographic hardware or software modules, with passwords sent under separate cover, is strongly encouraged.

d)   Each production shall be submitted with a transmittal letter that includes the FTC matter number; production volume name; encryption method/software used; list of custodians and document identification number range for each; total number of

**Civil Investigative Demand to The Global Disinformation Index**

documents; and a list of load file fields in the order in which they are organized in the load file.

e)   If GDI intends to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in GDI's computer systems or electronic storage media, or if GDI's computer systems contain or utilize such software, GDI must contact the Commission representative to determine, with the assistance of the appropriate government technical officials, whether and in what manner GDI may use such software or services when producing materials in response to this CID.

I 6.   Before using software or technology (including search terms, email threading, Technology Assisted Review, deduplication, or similar technologies) to identify or eliminate documents, data, or information potentially responsive to this CID, GDI must submit a written description of the method(s) used to conduct any part of its search. In addition, for any process that relies on search terms to identify or eliminate documents, GDI must submit: (a) a list of proposed terms; (b) a tally of all the terms that appear in the collection and the frequency of each term; (c) a list of stop words and operators for the platform being used; and (d) a glossary of industry and company terminology. For any process that relies on a form of Technology Assisted Review to identify or eliminate documents, GDI must include (a) confirmation that subject-matter experts will be reviewing the seed set and training rounds; (b) recall, precision, and confidence-level statistics (or an equivalent); and (c) a validation process that allows Commission representatives to review statistically-significant samples of documents categorized as non-responsive documents by the algorithm.

I 7.   All documents responsive to this CID:

a)   shall be produced in complete form (e.g., including all family members, including Modern Attachments), un-redacted unless privileged, and in the order in which they appear in GDI's files;

b)   shall be marked on each page with corporate identification and consecutive document control numbers when produced in TIFF format (e.g., ABC-00000001);

c)   if written in a language other than English, shall be translated into English, with the English translation attached to the foreign language document;

d)   shall be produced in color where necessary to interpret the document (if the coloring of any document communicates any substantive information, or if black-and-white photocopying or conversion to TIFF format of any document (e.g., a chart or graph), makes any substantive information contained in the document unintelligible, GDI must submit the original document, a like-colored photocopy, or a JPEG-format TIFF);

e)   shall be accompanied by an index that identifies: (i) the name of each person from whom responsive documents are submitted; and (ii) the corresponding consecutive document control number(s) used to identify that person's documents, and if

Civil Investigative Demand to The Global Disinformation Index

submitted in paper form, the box number containing such documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that the Commission representative determines prior to submission that the machine-readable form would be in a format that allows the agency to use the computer files). The Commission representative will provide a sample index upon request; and

f)    shall be accompanied by an affidavit of an officer of GDI stating that the copies are true, correct, and complete copies of the original documents.

I 8.    If any documents or parts of documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes, in separate fields, a privilege identification number; beginning and ending document control numbers; parent document control numbers; attachments document control numbers; family range; number of pages; all authors; all addressees; all blind copy recipients; all other recipients; all custodians; date of the document; the title or subject line; an indication of whether it is redacted; the basis for the privilege claim (e.g., attorney-client privilege), including the underlying privilege claim if subject to a joint-defense or common-interest agreement; and a description of the document's subject matter. Attachments to a document should be identified as such and entered separately on the log. For each author, addressee, and recipient, state the Person's full name, title, and employer or firm, and denote all attorneys with an asterisk. The description of the subject matter shall describe the nature of each document in a manner that, though not revealing information itself privileged, provides sufficiently detailed information to enable Commission staff, the Commission, or a court to assess the applicability of the privilege claimed. For each document or part of a document withheld under a claim that it constitutes or contains attorney work product, also state whether GDI asserts that the document was prepared in anticipation of litigation or for trial and, if so, identify the anticipated litigation or trial upon which the assertion is based. Submit all non-privileged portions of any responsive document (including non-privileged or redactable attachments) for which a claim of privilege is asserted (except where the only non-privileged information has already been produced in response to this Instruction), noting where redactions in the document have been made. Documents authored by outside lawyers representing GDI that were not directly or indirectly furnished to GDI or any third party, such as internal law firm memoranda, may be omitted from the log. Provide the log in Microsoft Excel readable format.

I 9.    If GDI is unable to answer any question fully, supply such information and data as are available. Explain why the answer is incomplete, the efforts made by GDI to obtain the information and data, and the source from which the complete answer may be obtained. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there is no reasonable way for GDI to make an estimate, provide an explanation.

I 10.    If documents responsive to a particular Specification no longer exist for reasons other than the ordinary course of business or the implementation of GDI's document retention

**Civil Investigative Demand to The Global Disinformation Index**

policy, but GDI has reason to believe have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the Specification(s) to which they are responsive, and identify the persons having knowledge of the content of such documents.

I 11.    Do not destroy or dispose of documents responsive to this CID, or any other documents relating to the subject matter of this CID. The destruction or disposal of such documents during the pendency of this investigation might constitute a felony in violation of 18 U.S.C. § 1505 and 18 U.S.C. § 1512.

I 12.    In order for GDI's response to this CID to be complete, the attached certification form must be executed by the GDI official supervising compliance with this CID, notarized, and submitted along with the responsive materials.

I 13.    Any questions you have relating to the scope or meaning of anything in this CID or suggestions for possible modifications thereto should be directed to Justin Epner at (202) 326-2942 or jepner@ftc.gov. The response to the CID shall be delivered per the instruction of Justin Epner  during the course of normal business (8:30 a.m. to 5:30 p.m., Monday through Friday). Justin Epner will provide specific mail delivery instructions should that method of transmittal be required.

## **CERTIFICATION OF COMPLIANCE**

### **Pursuant to 28 U.S.C. § 1746**

I, _____, certify the following with respect to the Federal Trade

Commission's ("FTC") Civil Investigative Demand directed to The Global Disinformation Index

(hereinafter, "GDI") (FTC File No. 251-0061) (the "CID"):

1.   GDI has identified all documents, information, and/or tangible things ("responsive

     information") in GDI's possession, custody, or control responsive to the CID and either:

     a.   provided such responsive information to the FTC; or

     b.   for any responsive information not provided, given the FTC written objections

          setting forth the basis for withholding the responsive information.

2.   I verify that the responses to the CID are complete and true and correct to my knowledge.


I certify under penalty of perjury that the foregoing is true and correct.


Date: _____          _____
                                                Signature


                                                _____
                                                Printed Name


                                                _____
                                                Title